■ RICHARD X. FLEMING et al., Respondents, v ROBERT SAGAR et al., Appellants.—Kane, J. Appeals (1) from an order of the Supreme Court at Special Term (Conway, J.), entered June 26, 1985 in Albany County, which granted plaintiffs' motion for a default judgment and denied defendants' cross motion to be relieved of their default, and (2) from an order of said court, entered September 27, 1985 in Albany County, which denied defendants' motion for renewal and/or reargument.

Pursuant to a standard form contract signed on October 15, 1984, plaintiffs agreed to purchase and defendants agreed to sell the premises known as 9 Quincy Street in the Town of Colonie, Albany County. This contract was specifically made contingent upon written approval of plaintiffs' attorney within 72 hours. By letter dated October 18, 1984, plaintiffs' attorney informed defendants that: "The undersigned (plaintiffs' attorney) hereby approves the contract for the purchase of 9 Quincy Street, Colonie, NY, subject to the acceptance by the sellers of contingency '14d' of said contract." Contingency "14d" was a clause added by plaintiffs' attorney that provided plaintiffs with the right to inspect the property 48 hours prior to closing.

Defendants refused to accept this proposed contingency and offered to return the down payment. Thereafter, on December 10, 1984, by summons with notice, plaintiffs commenced the instant action seeking specific performance of the contract. Defendants, who were not represented by an attorney, failed to serve a timely notice of appearance. Consequently, by motion returnable on May 16, 1985, plaintiffs moved for a default judgment granting them specific performance of the contract. Defendants made a cross motion to be relieved of their default. Special Term granted the motion and denied the cross motion. Defendants appealed the resulting order and also moved for reargument and/or renewal. Special Term's denial of this motion was also appealed by defendants.

We reverse Special Term's order granting plaintiffs a default judgment. As illustrated by the preceding statement of facts, defendants have demonstrated the existence of a meritorious defense. It should be noted that defendants discussed this matter with the real estate agent and were informed that if they did not accept the contingency inserted by plaintiffs' attorney, "there was no binding contract".

Secondly, we conclude that defendants have presented a reasonable excuse for their default. Defendants, who were not represented by an attorney, simply misunderstood the import of a bare summons with notice. Defendants explained that they thought the summons was only a preliminary notice and required no response. There is nothing to refute defendants' assertion that they never intended to default but were awaiting service of further information or documents. Indeed, as soon as plaintiffs moved for entry of a default judgment, defendants secured an attorney and moved for relief from their inadvertent default (see, Siegel, NY Prac, § 427, at 567-568).

Order entered June 26, 1985 reversed, on the law and the facts, without costs, motion denied and cross motion granted.

Appeal from order entered September 27, 1985 dismissed, as academic, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.